

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-4397
Re: Commissioners' courts - Officers'
Salary Law - Deputy Sheriffs -
Certificate of Title Act - County
Scrip and Warrants

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The population of Lamar county is 50406; our officers, with the exception of the Justice of the Peace and Constables, are compensated on a salary basis. I want to ask for your opinion on the following questions.

"1st. If the Commissioners' Court should approve the appointment of extra deputies for the sheriff, can they be paid on a commission basis or will they have to be paid a salary?

"2nd. Referring you to the Certificate of Title Act H. B. #205, passed in 1941, approved May 1st, 1941, and referring to Section #57 as amended. Is the Twenty Five cents retained by the Tax Assessor-Collector to be treated as fees of office, allowing for sufficient amount to pay expenses necessary to efficiently perform the duties set forth therein, balance then to be deposited in the treasury of the county.

"3rd. Can a county legally issue interest bearing scrip or warrants against the general fund when said fund is overdrawn?"

In answer to your first question it is our opinion under the facts stated that all of the Deputy Sheriffs of Lamar County must be paid on a salary basis and that none of said deputies can be paid legally on a commission, fee, or any other basis than upon the salary basis under the Officers' Salary Law. See authorities cited in opinion No. 0-1565 of this department, a copy of which is enclosed herewith for your information.

Your second question is answered in the negative by Limited Conference Opinion No. 0-3561 of this department. This opinion holds that such portion of the twenty-five cents retained by the "designated agent" as is not reasonably necessary for paying expenses incident to the efficient performance of the duties of such agent, must be forwarded to the State Highway Department for deposit in the State Highway Fund, along with the twenty-five cents forwarded, on collection, to such Department, and that such balance or surplus over necessary expenses is not a "fee or commission," to be paid into the Officers' Salary Fund, or to be accounted for as fees of office under existing fee statutes. We enclose herewith a copy of this opinion for your information.

We quote from Texas Jurisprudence, Vol. 11, p. 664, as follows:

"  . . . . The commissioners' court has no authority to borrow money by means of warrants; this may be done only by the issuing of bonds; . . . "

The case of Ashby, et al vs. James, et al, 226 S. W. 732, among other things, holds that counties cannot borrow money by issuing warrants.

Conference Opinion No. 0-3098 of this department, among other things, holds that the commissioners/ court is without authority to issue interest bearing scrip or warrants against the general fund of the county. We enclose herewith a copy of said opinion for your information.

We have carefully considered the cases of Bexar County vs. Hatley, 150 S. W. (2d)980; Spears vs. City of South Houston, 150 S. W. (2nd) 74 and Bexar County et al vs. Mann, 157 S. W. (2nd) 134, and we do not think that such cases

Honorable John S. Baker, page 3


would authorize the county to issue interest bearing warrants or scrip on the General Fund of the county nor would they authorize the county to borrow money by the issuance of interest bearing warrants or scrip.

It is therefore our opinion that your third question should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By             /signed/
Wm. J. Fanning
Assistant

WJF:ff

Encls.


APPROVED FEB. 26, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION COMMITTEE
By /s/ B.W.B., Chairman